■ In the Matter of SURREY STRATHMORE CORP., Appellant-Respondent, v. DOLLAR SAVINGS BANK OF NEW YORK, Respondent-Appellant.— In a proceeding pursuant to article 77 of the CPLR to compel Dollar Savings Bank of New York *inter alia* to account to petitioner for moneys received and disbursed on the latter's behalf and for income earned thereon from the date of an agreement consolidating and extending certain mortgages, December 10, 1970, (1) petitioner appeals from an order of the Supreme Court, Westchester County, dated May 15, 1973, which denied the application and dismissed the petition and (2) Dollar Savings Bank cross-appeals from the order to the extent that it failed to pass upon the portion of Dollar's cross motion which sought an allowance of counsel fees. Order modified, on the law, by adding thereto a provision denying the portion of the cross motion of Dollar Savings Bank of New York which sought an allowance of counsel fees. As so modified, order affirmed, with $20 costs and disbursements to Dollar Savings Bank of New York. In our view, the provisions of paragraph 20 of the agreement do not contemplate an allowance of counsel fees in a situation of this nature. Munder, Acting P. J., Martuscello, Shapiro, Brennan and Benjamin, JJ., concur.

■ PENGUIN REALTY CO., INC., Appellant-Respondent, v. OSCAR PEREZ et al., Individually and Doing Business as Perez & Sons, et al., Respondents-Appellants, et al., Defendants.— In an action to recover damages for conspiracy to deprive plaintiff of an opportunity to earn a brokerage commission, (1) plaintiff appeals from an order of the Supreme Court, Nassau County, entered December 21, 1972, which granted a motion to set aside a jury verdict of $27,600 in plaintiff's favor against certain of the defendants and (2) said defendants cross-appeal from so much of the order as granted a new trial. Order reversed, motion to set aside verdict denied and verdict reinstated, with costs to plaintiff. In our opinion, from the evidence adduced at the trial the jury could have reasonably inferred and concluded that the defendants against whom the verdict was returned conspired to deprive plaintiff of the opportunity to earn a brokerage commission. Shapiro, Brennan and Benjamin, JJ., concur; Munder, Acting P. J., and Martuscello, J., dissent and vote to affirm.